UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:05CR104-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| (5) KOJI SANCHEZ STEWART | ) | |

In the bill of indictment in this case, the United States sought forfeiture of property of the defendants pursuant to 21 U.S.C. §853(a) as property that was proceeds of and/or was used to facilitate the crimes charged, together with any other substitute property, which would be subject to forfeiture under §853(p).

Defendant entered into a plea agreement; subsequently pled guilty to Count One in the bill of indictment; and was adjudged guilty of the offense charged in that count. In the plea agreement, defendant has agreed to forfeit specific property as described below.

It is therefore ORDERED:

1. Based upon defendant's plea of guilty, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n):

(a) one 1999 black GMC Yukon Denali, VIN 1GKEK13R3XR908954, registered in the name of Quinn Stewart;

(b) the sum of $168,031, seized on or about April 7, 2005; and,

(c) assorted jewelry owned by defendant and seized on April 15, 2005, consisting of two necklaces, a stainless steel diamond watch, a bracelet, and earrings, which have been valued collectively at $12,655.

2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish in a newspaper of general circulation, notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: October 20, 2006

Frank D. Whitney
United States District Judge