**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:08CV487-03-W**
**(3:05CR104-5-W)**

| | |
|---|---|
| **KOJI S. STEWART,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. §2255 filed October 27, 2008 (Doc. No. 1.) For the reasons stated herein, Petitioner's Motion to Vacate will de denied and dismissed.

### I. PROCEDURAL HISTORY

On April 25, 2005, the Petitioner was charged in three counts of a six-count Bill of Indictment. Count One charged each defendant with conspiracy to possess with intent to distribute a detectable amount of cocaine and cocaine base in violation of 21 U.S.C. § 846 and 841 (b)(1)(A). Count Two charged Petitioner and others with knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A) and 18 U.S.C. § 2. Count Three charged Petitioner with using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (Case No. 3:05cr104, Doc. No. 10.) On July 6, 2005, the Government filed an § 851 Notice providing notice to the Petitioner that the

1

Government was relying on his prior felony drug convictions for sentencing purposes. (Case No. 3:05cr104, Doc. No. 172.) On July 17, 2006, Petitioner entered into a written plea agreement with the Government wherein he agreed to plead guilty to Count One and Counts Two and Three would be dismissed at the time of sentencing. (Case No. 3:05cr487, Doc. No. 320.) By the terms of the Plea Agreement, the parties stipulated that the amount of cocaine that was known to or reasonably foreseeable by the defendant was at least 50 kilograms but less than 150 kilograms. With respect to the amount of cocaine base, the parties agreed that the amount that was reasonably foreseeable by the defendant was at least 1.5 kilograms. (Id. ¶ 7(a).) Petitioner expressly waived his right to directly appeal his conviction or sentence, or to collaterally attack those matters on any grounds except ineffective assistance of counsel, prosecutorial misconduct or "the sentence, but only to the extent defendant contests the sentence on the basis that one or more findings on guideline issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement filed herein, or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit Court of Appeals." (Id. ¶ 20.)

On August 1, 2006, Petitioner appeared before Magistrate Judge David Keesler for a Plea and Rule 11 Hearing. (Case No. 3:05cr104, Doc. No. 331.) At that hearing, the Magistrate Judge placed Petitioner under oath and then engaged him in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. (Id.) After hearing Petitioner's answers to each of its questions, and finding that Petitioner's plea was knowingly and voluntarily entered and made, the Magistrate Judge accepted his guilty plea. ( Id.)

On December 10, 2007, the undersigned granted the Government's motion for departure

pursuant to Section 5K1.1 of the Sentencing Guidelines and Title 18 U.S.C. § 3553(e) and sentenced Petitioner to 188 months imprisonment and 15 years of supervised release. (Case No. 3:05cr104, Doc. No. 539.)

Petitioner did not file a Notice of Appeal, but instead filed the instant motion on October 27, 2008 in which he claims that his counsel was ineffective and that he received an erroneous firearm enhancement.

## II. ANALYSIS

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S. C. §2255. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

### A. Gun Enhancement Claim

Petitioner contends that he received an erroneous 924(c) enhancement at sentencing. He claims that the firearm found during a search of his mother's home was erroneously attributed to him because it was his mother's home and she admitted ownership of the firearm. Petitioner objected to the presentence on this basis, however, the Court adopted the probation officers

statement that the firearm was located in the garage near scales and plastic bags which were "tools of the trade."

Petitioner's Plea Agreement specifically sets forth that Petitioner waived his right to challenge his sentence or conviction in post-conviction motions except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Plea Agreement ¶ 20.) At his Rule 11 hearing, Petitioner swore under oath that, among other things, he understood that he was waiving his right to challenge his sentence or conviction in a post-conviction proceeding.[1]

The Fourth Circuit repeatedly has approved the knowing and voluntary waiver of a defendant's appellate rights.[2] Moreover, the Fourth Circuit has recently expanded the general rule concerning appeal waivers to hold that a defendant may waive in a plea agreement his rights to collaterally attack his conviction and sentence. United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005). Because the Petitioner has not alleged or suggested that his Plea Agreement somehow is invalid, this Court finds that the Agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to the Petitioner's attempts to challenge his conviction and sentence on the ground that his plea was not voluntarily made and that the

---

[1] In accordance with the law, this Court has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

[2]. See, e.g. United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005); United States v. General, 278 F.3d 389, 399-401 (4th Cir. 2002); United States v. Brown, 232 F.3d 399, 402-406 (4th Cir. 2000); United States v. Brock, 211 F.3d 88, 92 n.6 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Davis, 954 F.2d 182, 185-86 (4th Cir. 1992); United States v. Wessels, 936 F.2d 165 (4trh Cir. 1991); and United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial.)

underlying search was unconstitutional.³

Even if Petitioner had not waived his rights to raise these claims in a collateral review proceeding, he has procedurally defaulted these claims. Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). Petitioner did not file a direct appeal in the underlying criminal case and the instant Motion fails to allege that cause and prejudice exists to excuse his procedural default, nor does he allege that he is actually innocent. Accordingly, his failure to raise this claim on direct appeal results in a procedural bar to considering the claim now. Id.

B. Ineffective Assistance of Counsel

By his motion, Petitioner alleges that he was subjected to ineffective assistance of counsel in that counsel failed to object to the fraudulent plea agreement that incorporated a term of supervised release which violated double jeopardy and the separation of powers clause doctrine.

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v.

---

³ The Court acknowledges that Petitioner does attack the validity of his plea agreement arguing that such agreement is fraudulent because it incorporated a term of supervised release which violated double jeopardy and the separation of powers doctrine. However, as the undersigned explained in the section entitled Ineffective Assistance of Counsel, this argument has no merit.

Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting Frady, supra).  Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31).  Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet.  See, Hill v. Lockhart, 474 U.S. at 53-59; Fields, supra at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).  The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [Strickland] test is slightly modified. [The petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, supra at 475 (quoting Hill, supra at 59); accord Fields, supra at 1297.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent "clear and convincing evidence to the contrary."

6

Fields, at 1299, (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)); accord United States v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of §2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).

Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that he cannot prevail in this matter. Indeed, it has not escaped the Court's attention that Petitioner does not assert that but for counsel's alleged ineffectiveness, he would have pled not guilty and insisted upon going to trial. Thus, notwithstanding any other matters, Petitioner's claim against counsel is doomed by that failure.

Petitioner argues that his counsel was ineffective for allowing him to sign a plea agreement which provides for a term of supervised release. The term of supervised release, he argues, subjected him to two punishments in violation of the double jeopardy clause and the separation of powers doctrine.

Supervised release is specifically authorized by Congress in 18 U.S.C. §3583 and the United States Sentencing Guidelines § 5D1.1. Indeed, the Court is directed to impose a term of supervised release to follow a term of imprisonment longer than one year or when required by statute. Supervised release was designed by Congress as a method of post-incarceration supervision to replace parole. United States v. Monteneegro-Rojo, 908 F.2d 425 (9th Cir. 1990). The goal of supervised release is to reintegrate offenders into the community. United States v. Pierce, 75 F.3d 173 (4th Cir. 1996). Under the supervised release model, a defendant serves a portion of his or her sentence in prison and a portion under supervision outside prison walls. United States v. Paskow, 11 F.3d 873 (9th Cir. 1993).

Here, Petitioner pled guilty to Count One of the Indictment, conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841 (b)(1)(A). The statutory penalty for a violation of § 846 is spelled out in § 841 and includes life imprisonment and supervised release. There is simply no merit to Petitioner's claim that his term of supervised release violated the double jeopardy clause or the separation of powers doctrine.

Petitioner has not satisfied either prong of the <u>Strickland</u> test and therefore his claim of ineffective assistance of counsel must be denied.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED that the Petitioner's motion to vacate, set aside or correct sentence pursuant** 28 U.S.C. §2255 is hereby **DENIED**.

**SO ORDERED.**

Signed: October 30, 2008

Frank D. Whitney
United States District Judge